**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GILBERT RODRIGUEZ,** § | | |
| **TDCJ No. 01389048,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil No. SA-19-CA-0666-OLG |
| § | | |
| **LORIE DAVIS, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Gilbert Rodriguez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Lorie Davis's Answer (ECF No. 8), and Petitioner's Reply (ECF No. 10) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In July 2006, Petitioner was charged by indictment with the offense of murder enhanced by a previous felony conviction for robbery. (ECF No. 9-25 at 24). At trial, Petitioner plead guilty to the offense of murder as charged in the indictment, plead true to the enhancement paragraph, and elected to have a jury assess his punishment. (ECF Nos. 9-12 at 28-32; 9-25 at 27, 30, 36, 48-49). Following a separate punishment hearing, Petitioner was sentenced to life imprisonment. *State v. Rodriguez*, No. 2006-CR-6269 (227th Dist. Ct., Bexar Cnty., Tex. Aug. 11, 2006); (ECF No. 9-25 at 48-49).

Petitioner's first attempt at an appeal was dismissed by the Fourth Court of Appeals for lack of jurisdiction. *Rodriguez v. State*, No. 04-06-00836-CR (Tex. App.—San Antonio, Jan. 10, 2007) (ECF No. 9-2). After being granted permission to file an out-of-time appeal, however, Petitioner's conviction and sentence were confirmed in an unpublished opinion. *Rodriguez v. State*, No. 04-17-00152-CR (Tex. App.—San Antonio, June 13, 2018, no pet.); (ECF Nos. 9-6, 9-22). Petitioner did not seek review of this decision via a petition for discretionary review with the Texas Court of Criminal Appeals (TCCA).

Instead, Petitioner filed a state habeas corpus application in January 2019 challenging the constitutionality of his state court conviction and sentence, which the TCCA eventually denied without written order on May 1, 2019. *Ex parte Rodriguez*, No. 85,750-02 (Tex. Crim. App.); (ECF Nos. 9-24, 9-25 at 21). Petitioner then initiated the instant federal proceedings on May 30, 2019. (ECF No. 1 at 10). In his federal petition, Petitioner raises the same allegations that were rejected by the TCCA during his state habeas proceedings: (1) he was denied a fair and impartial sentencing proceeding when the trial court failed to instruct the jury not to consider Petitioner's parole eligibility, (2) his trial counsel rendered ineffective assistance by failing to present a mental health expert on his behalf at the punishment phase, and (3) his trial counsel rendered ineffective assistance by failing to object to the jury's improper consideration of parole and the trial court's answers to the jury's questions on parole law.

## II. **Standard of Review**

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Analysis

**A.    Trial Court Error (Claim 1).**

Petitioner's first allegation contends the trial court committed error by (1) submitting an improper jury charge that allowed the jury to consider the mathematical effects of parole law, and (2) failing to submit a supplemental instruction to the jury not to deliberate on parole after the jury submitted questions on Petitioner's eligibility for parole.  This allegation was raised and rejected during Petitioner's state habeas proceedings.  (ECF No. 9-25 at 10).  As discussed below, Petitioner fails to demonstrate the state court's rejection of the claim was either contrary to, or an unreasonable application of, Supreme Court precedent.

Claims of improper jury instruction or rejection of a requested jury instruction in state criminal trials do not generally form the basis for federal habeas relief.  *Galvan v. Cockrell*, 293 F.3d 760, 764-65 (5th Cir. 2002); (citing *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (stating that federal habeas courts do not grant relief solely on the basis that a jury charge was erroneous)).  Rather, such claims only support a claim for habeas relief if the erroneous instruction by itself rendered the trial fundamentally unfair.  *Henderson v. Kibbe*, 431 U.S. 145, 154-55 (1977); *Galvan*, 293 F.3d at 764 (relevant inquiry on claims of improper or rejected jury instructions is whether there was prejudice of constitutional magnitude).  The relevant inquiry is whether the failure to give an instruction "by itself so infected the entire trial that the resulting conviction violates due process."  *Galvan*, 293 F.3d at 764-65 (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

Petitioner fails to make this showing.  The jury received the following instruction regarding parole law in this case:

> Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through

4

> the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
>
> It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. Eligibility for parole does not guarantee that parole will be granted.
>
> It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.
>
> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

(ECF No. 9-8 at 32-33). Contrary to Petitioner's assertion, the jury was not allowed to consider the "mathematical effect" of parole law, but rather was specifically instructed "not to consider the manner in which the parole law may be applied to this particular defendant." *Id*. In fact, as noted by the state court, this charge is, in relevant part, identical to what is required under Texas law. *See* Tex. Code Crim. Proc. Art. 37.07 § 4(a). Thus, there was no need for the trial court to submit a supplemental charge following the jury's questions on parole law.

Because the jury was properly instructed on the issue of parole in this case, Petitioner fails to demonstrate that the trial court erred in refusing to submit a supplemental instruction, much less show that failure to give a supplemental instruction so "infected" the entire trial as to result in a denial of due process. Thus, Petitioner is not entitled to federal habeas relief on this claim.

5

B.     **Trial Counsel** (Claims 2, 3).

Petitioner next raises two ineffective-assistance-of-trial-counsel (IATC) claims concerning counsel's performance at the punishment phase of his trial. Specifically, Petitioner contends trial counsel failed to: (1) object to the trial court's response to the jury's questions on parole law and failure to give a supplemental instruction, and (2) call a mental health expert to establish, for mitigation purposes, that the murder was not premeditated but rather the result of sudden passion.[1] Both allegations were raised and rejected during Petitioner's state habeas proceedings. As discussed below, Petitioner fails to demonstrate the state habeas court's rejection of these challenges was either contrary to, or an unreasonable application of, Supreme Court precedent. Federal habeas relief is therefore denied.

1.     The *Strickland* Standard

The Court reviews Sixth Amendment IATC claims under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22

---

[1] Respondent misconstrues Petitioner's second allegation concerning the failure to call an expert witness as an IATC claim at the guilt/innocence phase of trial as opposed to the punishment phase.

(2013) (quoting *Strickland*, 466 U.S. at 690).  To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Under this prong, the "likelihood of a different result must be substantial, not just conceivable."  *Richter*, 562 U.S. at 112.  A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1).  *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010).  Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d).  *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009).  In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable."  *Richter*, 562 U.S at 101.  That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Id*. at 105.

      2.      <u>Failure to Object</u> (Claim 3)

Prior to their deliberation, Petitioner's jury was given general instructions on Texas parole law and instructed to not consider how these parole laws may be applied to Petitioner when assessing his sentence. (ECF No. 9-8 at 32-33).  These instructions were identical to the instructions required under Texas law.  *See* Tex. Code Crim. Proc. Art. 37.07 § 4(a).  During the jury's deliberation as to punishment, it sent a note to the trial court asking about: (1) the

7

minimum parole for 99 years, (2) the minimum parole for life, and (3) how to calculate the minimum parole "for all other terms." (ECF No. 9-8 at 22). In response, the trial court answered: (1) 30 years, (2) 30 years, and (3) "please refer to the next to the last page of my instructions." *Id*. at 23. Petitioner contends counsel was ineffective for failing to object to the jury's notes demonstrating their consideration of parole law when assessing his sentence.

As discussed in the previous section, Petitioner's jury was clearly instructed not to consider the effect of parole law on Petitioner's sentence as required by Texas law. Petitioner has presented no reason to overcome the usual presumption that the jury followed the trial court's instructions regarding parole. *Charles v. Thaler*, 629 F.3d 494, 500 (5th Cir. 2011); *Galvan v. Cockrell*, 293 F.3d 760, 765 (5th Cir. 2002). Furthermore, by referring the jury back to the original charge, which instructed the jury to not consider the application of parole and good time laws on Petitioner's sentence, the trial court essentially cured any possible error its response to the jury's first two questions. As such, any objection by counsel on such grounds would have been futile, and counsel is not required to make futile motions or objections. *See Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is not required to make futile motions or objections); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the failure to lodge futile objections does not qualify as ineffective assistance") (quoting *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)); *Ward v. Dretke*, 420 F.3d 479, 498 (5th Cir. 2005) (counsel not ineffective for failing to lodge what would likely have been a futile objection).

As a result, Petitioner has not shown counsel's performance was deficient or that the state court's denial of this claim was an unreasonable application of *Strickland*. Relief is therefore denied.

      3.      <u>Uncalled Witness</u> (Claim 2)

Petitioner next asserts that counsel was ineffective for failing to call a mental health expert at the punishment phase to testify on his behalf. According to Petitioner, such an expert could have testified about his mental state after being informed by his wife that she was having an affair, which Petitioner contends would have bolstered his assertion that the murder was the result of sudden passion. This allegation was also raised and rejected during Petitioner's state habeas proceedings. Petitioner fails to show that the state court's ruling was contrary to or involved an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts based on the evidence in the record.

To start, unsupported claims regarding uncalled expert witnesses "are speculative and disfavored by this Court as grounds for demonstrating ineffective assistance of counsel." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). To prevail on an IATC claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate the witness was available to testify, delineate the content of the witness's proposed testimony, and show the testimony would have been favorable to the defense. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *Del Toro v. Quarterman*, 498 F.3d 486, 490-91 (5th Cir. 2007) (finding counsel's choice to not hire an expert reasonable under the circumstances). Petitioner has done none of those things.

Furthermore, the Court notes that any potential testimony from a mental health expert concerning Petitioner's mental state could be seen as "double-edged." The Fifth Circuit repeatedly held that "double-edged evidence cannot support a showing of prejudice under *Strickland*." *Reed v. Vannoy*, 703 F. App'x 264, 270 (5th Cir. 2017) (unpublished) (citing

*Dowthitt v. Johnson*, 230 F.3d 733, 745 (5th Cir. 2000)); *Gray v. Epps*, 616 F.3d 436, 449 (5th Cir. 2010) (petitioner could not show prejudice because much of the new evidence was double-edged and could be interpreted as aggravating); *see also Matthews v. Davis*, 665 F. App'x 315, 319 (5th Cir. 2016) (unpublished) (trial counsel's failure to investigate and introduce evidence was not prejudicial because it would be double-edged). And trial counsel have broad discretion when it comes to deciding how best to proceed strategically. *Yarborough v. Gentry*, 540 U.S. 1, 5-6, 8 (2003) ("When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect.") *Ward v. Stephens*, 777 F.3d 250, 264 (5th Cir. 2015) (the Supreme Court has emphasized counsel has "wide latitude in deciding how best to represent a client"). This wide latitude includes the discretion to determine how best to utilize the limited investigative resources available to defense counsel. *See Richter*, 562 U.S. at 107 ("Counsel was entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies.").

Here, Petitioner fails to demonstrate that trial counsel's strategy of presenting the jury with a sudden-passion defense without the testimony of a mental health professional was unreasonable. Instead, he offers only conclusory statements concerning counsel's strategy which are insufficient to support a claim of ineffective assistance of counsel. *Woodfox v. Cain*, 609 F.3d 774, 809 n.17 (5th Cir. 2010); *Day*, 566 F.3d at 540. But Petitioner's conclusory allegations are not "clear and convincing evidence" sufficient to overcome the presumption of correctness attributed to the trial court's finding of counsel's credibility and competence. *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013); *United States v. Demik*, 489 F.3d 644, 646 (5th Cir.

10

2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (citation omitted).

Finally, even if Petitioner could establish that counsel's performance in this case constituted deficient performance, he still fails to demonstrate that the alleged error was prejudicial to his defense. Indeed, given the strength of the State's punishment case, Petitioner's violent past, and the gruesome facts of the instant offense, there is simply no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As such, Petitioner is unable to establish that counsel's performance was deficient or that he was prejudiced by counsel's alleged errors. Because Petitioner fails to demonstrate that the state court's denial of Petitioner's IATC allegation was an unreasonable application of *Strickland*, relief on this claim is denied.

### IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claim on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial and appellate proceedings. As a result, Petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Gilbert Rodriguez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the   31st   day of July, 2020.

_____
**ORLANDO L. GARCIA**
**Chief United States District Judge**